OPINION OF THE COURT

Per Curiam.

Order dated July 9, 1982, affirmed, with $10 costs.
The parties are assignee landlord and tenant under a commercial lease which was to expire July 31,1986. Landlord brought holdover proceedings to obtain possession, exercising its right to unilaterally terminate the lease in order to proceed with demolition. In settlement of the summary proceeding, tenant consented to the entry of a final judgment in landlord’s favor on December 1, 1981, execution of the warrant to be stayed to January 31, 1982; *487 tenant further agreed to make no further applications to stay the warrant or to vacate the consent final judgment. Landlord stipulated that upon tenant’s surrender and delivery of possession, it would pay to the tenant an amount due pursuant to the terms of the lease. On December 16, 1981, tenant’s attorney forwarded landlord’s attorney an executed surrender agreement providing, inter alla, that each side would release the other from the obligations of the lease, “except for those rights retained by respondent in accordance with the final judgment pursuant to stipulation dated November 30, 1981.” Tenant surrendered the premises on December 21, 1981, receiving the sum of $13,416.25 from the landlord.
In June, 1982, almost six months later, tenant moved for an order restoring it to possession, citing a clause in the lease (par 43:8) which permitted it to reoccupy the premises where landlord had exercised its right to terminate the lease in order to demolish or renovate the building, but had not commenced demolition within 90 days of the tenant’s surrender. The Civil Court correctly denied tenant’s motion to be restored. A review of the stipulation, final judgment entered thereon, and surrender agreement convinces us that the parties had finally terminated their landlord-tenant relationship upon stated terms. These documents did not contemplate a subsequent reoccupation by the tenant at a future date pursuant to paragraph 43:8 or any other provision of a lease which formerly governed the now mutually terminated tenancy; certainly, there was no reservation of rights to that effect. Even assuming that paragraph 43:8 survived the entry of final judgment, we are of the view that tenant should not prevail because, as amplified in the opinion below, tenant did not timely move for restoration in accordance with that clause’s terms.
Dudley, P. J., Sullivan and Sandifer, JJ., concur.